IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK CARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-882-JPG |
| | ) |
| **ROGER E. WALKER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for alleged violation of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)

## THE COMPLAINT

For Count 1 of his complaint, Plaintiff alleges that on February 11, 2008, he was given a food tray for the evening (4:45 p.m.) meal that contained: (1) two pieces of stale wheat bread; (2) a small portion of vegetables; (3) three teaspoons of "slop"; (4) a half-pint of pineapple drink; and (5) an unsealed package of orange sherbert. Based on these allegations, Plaintiff claims that Defendants Mahlandt and Austin violated his Eighth Amendment rights by providing him inadequate food.

For Count 2 of his complaint, Plaintiff alleges that on February 29, 2008, Defendant McLain gave him a broom and dust pan for the purpose of cleaning his cell. When Plaintiff asked about being given a mop and disinfectant, Defendant McLain allegedly responded in a vulgar manner indicating that the prison did not have to provide inmates anything. Plaintiff further alleges that ten days earlier - on February 19, 2008 - he had complained to Defendants Austin and Hartline about the lack of a mop and disinfectant. Defendant Austin responded by ultimately directing that Plaintiff be provided with these items. Based on these allegations, Plaintiff claims that Defendants McLain, Austin, and Hartline violated his Eighth Amendment rights concerning his living conditions.

Plaintiff also claims that he has been deprived Equal Protection of the law in violation of the Fourteenth Amendment.

## DISCUSSION

Count 1 of Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A. To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d

839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

Plaintiff here was served one meal that he describes made him "disgusted" due to its "texture, smell, and insufficient amount." One inedible meal is, effectively, a missed meal if Plaintiff refused to eat it. Plaintiff does not allege that he suffered any serious harm from missing this one meal. Even if Plaintiff ate this one meal, he was does not allege that the consumption of this meal harmed his health. Because the allegations concern only one meal and resulted in no apparent serious injury to Plaintiff's health, Plaintiff's claims do not rise to the level of a

3

constitutional violation.

With regard to Count 2 of his complaint, again to establish a violation of the Eighth Amendment, Plaintiff must prove two elements: (1) that the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) that prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Withholding cleaning supplies may, under certain circumstances, be sufficiently serious to deny Plaintiff his Eighth Amendment right to a sanitary living space. *See Vining-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (prisoner deprived of basic sanitation items for six days while confined in a cell which walls were smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (prisoner denied cleaning supplies while confined for three days in a cell smeared with human defecation). Without more, however, Plaintiff's bare allegation that he was provided a broom and dust pan, but not a mop and disinfectant, does not satisfy the objective component of an Eighth Amendment claim. Therefore, Count 2 of Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

Plaintiff's Equal Protection claim should also be dismissed pursuant to 28 U.S.C. § 1915A. The essence of an Equal Protection claim is that one person (or group) has been unjustifiably denied rights or benefits enjoyed by other similarly situated persons (or groups). In this case, Plaintiff has not alleged that other inmates in his housing unit were provided better food than he was on February 11, 2008, or that other inmates in his housing unit were supplied with a mop and disinfectant while he was not. Indeed, to the contrary, Plaintiff alleges that other inmates received the same meal that

4

he did on February 11, 2008. Because Plaintiff has not alleged facts indicating that he is being denied equal treatment in comparison to other inmates in his housing unit, his Equal Protection claim must be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 16, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**